IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BENJAMIN CRAIG LEWIS, #0818150, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:08-CV-0775-D |
| | ) | |
| MARGARET KELIHER, et al., | ) | |
| Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights complaint brought by a pre-trial detainee.

Parties: Plaintiff is presently residing in Dallas, Texas. *See* June 13, 2008 notice of address change. At the time of filing this action, he was incarcerated at the Dallas County Jail, awaiting trial. (See Answer to Questions 1-2 of the Magistrate Judge's Questionnaire).

Defendants are Margaret Keliher, a former Dallas County Judge, Dallas County Commissioners Maurine Dickey, Mike Cantrell, Kenneth Mayfield, and John Wiley Price, and Dallas County Sheriff Lupe Valdez.

The court has not issued process in this case, pending preliminary screening. On May 13, 2008, the magistrate judge issued a questionnaire to Plaintiff, who filed his answers thereto on May 29, 2008.

Statement of Case: The complaint, as supplemented by the answers to the questionnaire, seeks to sue Defendants for permanent damage to Plaintiff's sight, liver and kidney that he allegedly sustained while incarcerated as a pretrial detainee at the Dallas County Jail. Plaintiff alleges that Dr. Ramona Leach misdiagnosed him as a diabetic patient on September 27, 2006, and prescribed an incorrect dosage of diabetic medication. After taking the medicine for twenty-three days, Plaintiff was rushed to Parkland Memorial Hospital where he was hospitablized for seven days. During his hospital stay, it was determined that Plaintiff was not diabetic and that the medicine had been prescribed in error. Plaintiff seeks monetary relief.

Findings and Conclusions: The court permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B) (applicable to all *in forma pauperis* actions); 42 U.S.C. § 1997e(c)(1) (applicable to prison condition cases).

Sections 1915A(b), 1915(e)(2)(B), and 1997e(c)(1) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact.*"* *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).[1]

---

[1] Plaintiff alleges that he adequately exhausted his administrative remedies. (*See* Complaint at ¶ III). Even if he failed to do so, the court may dismiss a case as frivolous or for

Plaintiff seeks to sue Sheriff Valdez and five members of the Dallas County Commissioners Court as the sole defendants.  He contends that the Sheriff and County Commissioners run the jail and that the jail personnel are county employees under their supervision.  As a general rule, lawsuits against supervisory personnel based on their positions of authority are claims of liability under the doctrine of *respondeat superior,* which does not generally apply in Section 1983 cases.  *Williams v. Luna,* 909 F.2d 121 (5th Cir.1990); *see also Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-95 (1978) (supervisory officials cannot be held vicariously liable for their subordinates' actions under § 1983); *Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988); *Thibodeaux v. Arceneaux*, 768 F.2d 737, 739 (5th Cir. 1985) (per curiam).

To be liable under § 1983, an individual must be personally involved in the acts causing the deprivation of a person's constitutional rights.  *See Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).  Supervisory officials may be held liable only if they (i) affirmatively participate in acts that cause constitutional deprivation, or (ii) implement unconstitutional policies that causally result in plaintiff's injury.  *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987); *see also Grandstaff v. City of Borger*, 767 F.2d 161, 169-70 (5th Cir. 1985).

Plaintiff cannot allege any facts that indicate personal involvement or acquiesce in the

---

failure to state a claim without first requiring exhaustion of administrative remedies.  *See* 42 U.S.C. § 1997e(c)(2) ("In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies").
    For purposes of this recommendation, the court assumes Plaintiff has alleged a sufficient physical injury to support a claim for damages.  *See* 42 U.S.C. § 1997e(e) ( "No federal civil action may be brought by a prisoner....for mental or emotional injury suffered while in custody without a prior showing of physical injury."); *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (per curiam); *Harper v. Showers*, 174 F.3d 716, 719 n. 5 (5th Cir.1999).

alleged constitutional deprivation on the part of Sheriff Valdez and/or any of the Dallas County Commissioners. The complaint and answers to the magistrate judge's questionnaire fail to state sufficient facts showing that these defendants were "personally involved" in the events at issue in the complaint. Plaintiff alleges that Valdez re-hired the majority of the medical employees previously fired when UTMB lost its contract as provider of medical services at the jail. (Answer to Question 5). This, however, does not establish that she was personally involved in Dr. Leach's decision to prescribe diabetic medication to Plaintiff.

The same applies to the County Commissioners. Even assuming the County Commissioners are "supervisors" of jail personnel, Plaintiff has not shown that the commissioners were personally involved in a constitutional deprivation, that wrongful conduct by the commissioners was causally connected to a constitutional deprivation, or that they implemented constitutionally deficient policies which were the moving force behind a constitutional deprivation. Plaintiff has not pointed to any such policies in his lawsuit; rather, his claims appear to relate to a one time-incident in which his medical condition was incorrectly diagnosed. *See also Board of County Commissioners of Bryan County, Oklahoma v. Brown,* 520 U.S. 397 (1997) (plaintiffs seeking to impose liability on a municipality under Section 1983 must identify a municipal policy or custom that caused the plaintiff's injury).

Plaintiff does not allege any other facts which, liberally construed, allege that the Sheriff and County Commissioners were personally involved in the medical care claim at issue in this

case. Accordingly, Defendants Valdez and the County Commissioners should be summarily dismissed at the screening stage.

To the extent that Lewis's pleadings and answers to the questionnaire may be construed

to sue Dr. Ramona Leach for incorrect and inadequate treatment, his claim is likewise subject to dismissal at the screening stage. To state a colorable claim under the Eighth Amendment for denial of medical care, convicted inmates must allege acts or omissions "sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *Norton*, 122 F.3d at 291. It occurs when a prison official subjectively knows of and disregards a substantial risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837-840 (1994).

The same standard applies to pre-trial detainees complaining of an "episodic act or omission" under the Due Process Clause of the Fourteenth Amendment. *Wagner v. Bay City, Tex.,* 227 F.3d 316, 324 (5th Cir. 2000); *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 526 (5th Cir. 1999); *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996). "[T]here is no significant distinction between pretrial detainees and convicted inmates concerning basic human needs such as medical care. *Gibbs v. Grimmette,* 254 F.3d 545, 548 (5th Cir. 2001).[2]

Plaintiff continues to complain that he received incorrect and inadequate treatment by virtue of having been diagnosed with diabetes and prescribed a diabetic medication, although it was later determined that he was not diabetic. According to Plaintiff, the treatment he received adversely affected his eye sight, liver and kidney to a point that it amounted to deliberate

---

[2] Plaintiff's complaint does not raise an attack under the Fourteenth Amendment on the general conditions of confinement at the Dallas County Jail. *See Hare v. City of Corinth, Miss.*, 744 F.3d 633, 638-39 (5th Cir. 1996) (en banc) (in a condition of confinement case, the constitutional challenge is to the "general conditions, practices, rules, or restrictions of pre-trial confinement"); *Palo v. Dallas County*, 3:05cv0527-D, 2007 WL 2140590, *2-5 (N.D. Tex. 2007) (Fitzwater, J.) (examining in detail standard for conditions of confinement claim).

5

indifference. Because he has neither alleged nor shown that Dr. Leach intentionally treated him incorrectly, his allegation amounts to no more than unsuccessful treatment or negligence, which does not give rise to a constitutional claim. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). *See also Garrett v. University of Texas Medical Branch,* 261 Fed. Appx. 759, 760 (5th Cir. 2008) (unpublished per curiam) (prison officials did not show deliberate indifference to medical condition of inmate, in violation of his Eighth Amendment rights, when he was treated for urinary tract infection prior to correct diagnosis of appendicitis; evidence showed negligence at most, rather than deliberate mistreatment).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the complaint be DISMISSED with prejudice as frivolous. S*ee* 28 U.S.C. §§ 1915A(b) and 1915(e)(2); 42 U.S.C. §§ 1997e(c)(1).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 24th day of June, 2008.

/s/ Wm. F. Sanderson, Jr.<br>
WM. F. SANDERSON, JR.<br>
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.